IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 06 2017

JAMES W. McCORMACK, CLERK
By: _____
       DEP CLERK

**JAMES COVINGTON,**
**Individually and on behalf of**
**All Others Similarly Situated**                                         PLAINTIFF

vs.                               No. 3:17-cv-145-JLH

**AMERICAN RAILCAR INDUSTRIES, INC**                       DEFENDANT

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff James Covington, individually and on behalf of all others similarly situated, by and through his attorneys Josh Sanford and Chris Burks of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant American Railcar Industries, Inc. (hereinafter "Defendant"), and in support thereof he does hereby state and allege as follows:

This case assigned to District Judge Holmes
and to Magistrate Judge Harris

**I.    PRELIMINARY STATEMENTS**

1.    This is a collective action brought by Plaintiff James Covington individually and on behalf of other Production Workers employed by Defendant at any time within a three year period preceding the filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a

Page 1 of 14
James Covington, et al. v. American Railcar Industries, Inc
U.S.D.C. (E.D. Ark.) No. 3:17-cv-___
Original Complaint—Class Action

result of Defendant's failure to pay Plaintiff and other Production Workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Jonesboro Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. American Railcar Industries, Inc., does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

11. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III. THE PARTIES

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff James Covington is a resident and citizen of Greene County.

14. He was employed by Defendant as a Production Worker within the three (3) years preceding the filing of this Original Complaint.

15. Plaintiff was paid by the hour.

16. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

17. Defendant American Railcar Industries, Inc., is a North Dakota for-profit corporation, registered and licensed to do business in the State of Arkansas.

18. Defendant's registered agent for service of process in Arkansas is the Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

19. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class.

20. Defendant operates several manufacturing facilities that serve as multi-faceted railcar production facilities, including the building of different types of railcars based on customer specifications.

21. In particular, Defendant operates Paragould Manufacturing, a production facility where it builds a comprehensive selection of covered hopper cars, pressure differential covered hopper cars, and freight cars including mill gondolas and center beam cars.[1]

22. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as the component parts of railcars.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV. REPRESENTATIVE ACTION ALLEGATIONS

24. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Production Workers who were or are employed by Defendant and who are entitled to payment for all of their overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

25. Plaintiff is unable to state the exact number of the class but believes that the class's membership is between 800 and 1,800 persons. Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

---

[1] See, http://www.americanrailcar.com/Manufacturing/ManufacturingFacilities, last accessed June 6, 2017.

26. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

27. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

28. The cellular telephone numbers of the the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via text messafe as soon as possible.

29. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

30. Plaintiff alleges that Defendant improperly calculated his regular rate of pay and overtime for Plaintiff and other Production Workers employed by Defendant.

### V. FACTUAL ALLEGATIONS

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32. Within the time period relevant to this case, Plaintiff worked for Defendant as a Production Worker.

33. Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

34. Plaintiff and other similarly-situated employees were classified as hourly employees.

35. Plaintiff and other similarly-situated employees were also paid shift premiums on a regular basis for a certain number of hours on certain shifts. These shift premiums were non-discretionary, as employees automatically received them if they worked certain shifts totaling certain hours.

36. In addition, Defendant paid Plaintiff and other similarly-situated employees one-and-one-half of their base hourly rate for each hour they worked over forty (40) in a workweek.

37. However, Defendant did not include the shift premiums of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

38. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

39. Defendant violated the FLSA by not including shift and hour-based premiums of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

40. Plaintiff worked for Defendant at the Paragould Manufacturing facility in Paragould, Arkansas, and Defendant's pay practices were the same for all hourly workers at the Paragould Manufacturing facility.

41. Plaintiff worked on numerous different production lines and departments within the Paragould Manufacturing facility, and was always paid according to the same pay practices

42. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Production Workers violated the FLSA.

43. Defendant's Production Workers were classic manual laborers, working on production lines in both indoor and outdoor factory settings.

## V. LEGAL ALLEGATIONS

### A. Individual Allegations under the FLSA

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

45. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

46. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including shift premiums of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

47. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B. FLSA § 216(b) Representative Action Allegations

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

50. Plaintiff brings this collective action on behalf of all Production Workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative Classes for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

51. Plaintiff brings this action on behalf of themselves individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

52. In the past three years, Defendant has employed hundreds of Production Workers.

53. Like Plaintiff, these Production Workers regularly worked more than 40 hours in a week.

54. Defendant failed to pay these workers at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

**All Hourly Production Workers, or Similar Positions, Employed By Defendant in Arkansas Within The Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week.**

55. This Group Includes, but is not necessarily limited to, hourly paid workers employed in States where Defendant does business.

C. <u>Individual Allegations Under the AMWA</u>

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-203(4).

58. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

57. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

59. Defendant's failure to include shift premiums in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty hours.

60. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### D. Class Allegations Under the AMWA

63. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

64. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65. Plaintiff proposes to represent a liability class of individuals defined as follows:

**All Hourly Production Workers, or Similar Positions, Employed By Defendant in Arkansas Within The Past Three Years Who Ever Worked in Excess of Forty (40) Hours in any Week.**

66. Upon information and belief, there are between 800 and 1800 persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

67. Common questions of law and fact relate to all of the proposed liability class members, such as these:

i. Whether Defendant's policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA; and

ii. Whether, as a result of Defendant's failure to include shift premiums in its calculation of Plaintiff's overtime pay, Defendant paid members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

68. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

69. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

70. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

71. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

72. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that their shift premiums were not included in the calculation of their overtime rate of pay.

73. Plaintiff and his counsel will fairly and adequately protect the interest of the class.

74. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## V. EQUITABLE TOLLING

75. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

76. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

77. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

78. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

79. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F.

Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

80. Defendant failed to post all appropriate notices regarding the FLSA.

V. **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(a) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(b) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, et seq., the AMWA, and their relating regulations;

(c) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq., the AMWA, and their relating regulations;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, et seq., the AMWA, and their relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF JAMES COVINGTON, INDIVIDUALLY AND ON behalf of Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: /s/ Chris Burks
Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and /s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com