IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JAMES COVINGTON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN RAILCAR INDUSTRIES, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 3:17-cv-145-JLH<br>)<br>)<br>)<br>) |

### ORDER ON JOINT MOTION FOR FINAL APPROVAL OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT

This matter comes before the Court on the Parties' Joint Motion for Final Approval of the Class and Collective Action Settlement. The Court had previously granted preliminary approval of the parties' Settlement Agreement in this case and had authorized notice to be sent to potentially impacted Class Members.[1] That notice gave interested persons until April 19, 2018, to object to the settlement. No objections were filed. Given that no objections were filed, and following a hearing on the Motions held in Court on May 14, 2018, the Court finds as follows:

　　　　1.　　For the reasons set forth herein, final approval of the parties' settlement, under the terms and conditions set forth in the parties' Settlement Agreement previously filed under seal with the Court, is hereby GRANTED. The Court finds that a class should be certified for settlement purposes only consisting of all current or former hourly paid production employees who work or worked at American Railcar's Paragould Manufacturing facility located in Paragould, Arkansas, at any time between June 6, 2014 and January 10, 2018. The class consists

---

[1] For the purposes of this Order, capitalized terms have the same meaning as defined in the Settlement Agreement.

6753148

1

of all current or former employees meeting the preceding definition. However, no Fair Labor Standards Act claims were released by Class Members who did not opt in or file a claim. The Court further finds that the parties' settlement is fair and reasonable to those settlement class members. The Court approves the releases of claims contained in the parties' Settlement Agreement with respect to these individuals, which includes a release of claims under the Fair Labor Standards Act.

2. There is a bona fide dispute between the parties over the amount of compensation due and owing to the Class Members. The Settlement reflects a reasonable and negotiated compromise of the parties' respective claims and defenses, and was reached after protracted, contested, arm's length negotiations conducted over a period of months.

3. The Court finds and has determined that on March 5, 2018, the approved notice and claim form was timely sent in accordance with the Court's Order by first class mail, postage prepaid, to 1,751 individuals who were current or former hourly paid production employees who work or worked at American Railcar's Paragould Manufacturing facility located in Paragould, Arkansas, at any time between June 6, 2014 and January 10, 2018. Notices were sent to last known addresses by ILYM Group, Inc., the Claims Administrator, and updated using National Change of Address program certified by the United States Postal Service. For any returned Notices, the Claims Administrator performed a skip trace to search for updated addresses.

4. Four Hundred Ninety Two (492) Class Members submitted timely claims, three (3) Class Members submitted untimely claims, one person elected to exclude himself or herself from the class, and no Class Member filed an objection to the settlement.

5. The notice to the Class was completed according to the terms of the Settlement Agreement and the Court's prior Preliminary Approval Order. The notice given to the Class

Members, which set forth the principal terms of the Settlement Agreement and other matters, was the best practicable notice under the circumstances. This notice process prescribed by the Settlement Agreement and the Court's Preliminary Approval Order was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. Notice given to the Class Members was reasonably calculated under the circumstances to apprise Class Members of the pendency of this action, all material elements of the Settlement, and their opportunity to exclude themselves from, to object to, or to comment on the Settlement and to appear at the final fairness hearing. A full opportunity to be heard has been afforded to all Class Members, and other persons wishing to be heard. Accordingly, the Court determines that all members of the Class, except to the extent such Class Members have timely excluded themselves from the Settlement Class, are bound by this Judgment and Final Order.

6. The Court hereby approves the Settlement and finds that the Settlement is, in all respects, lawful, fair, reasonable, and adequate to the Class, within the authority of the parties, and the result of extensive arm's length negotiations that resolve and compromise genuine and bona fide disputes between the parties. The Court hereby grants final approval to the Settlement and finds that it is lawful, fair, reasonable and adequate, and in the best interests of the Class as a whole. The parties are ordered to comply with the corrected Settlement Agreement.

7. American Railcar Industries, Inc. ("ARI") shall pay each Class Member who has not opted to be excluded from this action and who has submitted a qualifying claim in accordance with and upon the terms of the Settlement Agreement. Leonard Baker, Kizech Washington, Kyesha Brown, and Jai Hunt are granted leave to file their respective claims out of

time and shall be deemed to have timely filed their claims.  No other late-filed claims shall be allowed.

8. ARI shall allocate the settlement payments as set forth in the Settlement Agreement for the purposes of taxing them and withholding appropriate deductions and withholdings accordingly.  Each Class Member who is paid a claim shall be solely responsible for any income or other taxes, interest, or penalties owed with respect to any payment to him or her as a result of this Judgment and Final Order.  The payments to any Class Member described in this Judgment and Final Order shall not constitute nor be considered as compensation for purposes of any applicable benefit, bonus, profit sharing, or pension plans, and no Class Member will be entitled to any additional payments or benefits by reason of any such payment.

9. ARI shall pay Class Counsel pursuant to the Settlement Agreement.

10. ARI does not admit liability.  ARI's sole motivation for entering into the proposed Settlement is to dispose expeditiously of the claims asserted against it in the lawsuit by settlement and compromise rather than incur the expense and uncertainty of protracted litigation and the utilization of internal resources within the corporation, particularly given the amounts at issue, and the utilization of internal resources within the corporation, because it benefits employees and because it allows ARI to focus on its business rather than litigation.  Accordingly, neither this Judgment and Final Order, nor the Settlement Agreement, is an admission or indication by ARI as to the validity of any claims in this Lawsuit, or as to any liability, wrongdoing or violation of law.  Neither this Judgment and Final Order, the Settlement Agreement, nor any related documents in this proceeding, nor any reports or accounts thereof shall be used, offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this

Judgment and Final Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement.

11.     The Court hereby dismisses with prejudice all claims of the Plaintiff James Covington, and the claims of all Class Members, which he or any of them have or could assert against ARI under any federal and state laws relating to wages owed, payment of wages, liquidated damages, penalties, interest and all similar and related claims, including among others all claims under the federal Fair Labor Standards Act, the Arkansas Minimum Wage Act and which arose and accrued at any time prior to January 10, 2018, including any such claims that are based upon any facts or claims alleged or which could have been alleged in this Lawsuit.

12.     All other Class Members (a) shall be deemed to be and are forever barred from instituting, maintaining, or prosecuting any known and unknown claims, suits, lawsuits, demands, and causes of action which any Class Member may have or hold against ARI for federal and state laws relating to wages owed, payment of wages, overtime, hours of work, wage statements, breach of contract to pay wages, and all similar and related claims, including among others all claims under the federal Fair Labor Standards Act, the Arkansas Minimum Wage Act and which arose and accrued at any time prior to January 10, 2018, including any such claims that are based upon any facts or claims alleged or which could have been alleged in this Lawsuit and shall be deemed to have released, and hereby have released, any and all such claims, suits, lawsuits and causes of action.

13.     Without affecting the finality of this Judgment and Final Order in any way, the Court retains continuing jurisdiction (a) to resolve any dispute arising from the interpretation, enforcement, or implementation of the Settlement Agreement; (b) over implementation of the

Settlement Agreement, until each and every act agreed to be performed pursuant to the Settlement Agreement has been performed; and (c) over all parties to this action and Class Members for the purpose of enforcing and administering the Settlement Agreement.

Dated this \_\_\_\_\_ day of May 2018.

_____
J. Leon Holmes
United States District Court Judge

| | |
|---|---|
| **SANFORD LAW FIRM, PLLC** | **CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.** |

By: _/s/ Josh Sanford_
    Chris Burks (AR Bar No. 2010207)
    Josh Sanford (AR Bar No. 2001037)
    SANFORD LAW FIRM, PLLC
    One Financial Center
    650 S. Shackleford, Suite 411
    Little Rock, AR 72211
    Tel: (501) 221-0088
    Fax: (888) 787-2040
    chris@sanfordlawfirm.com
    josh@sanfordlawfirm.com

***CLASS COUNSEL***

By: _/s/ Carolyn B. Witherspoon_
    Carolyn B. Witherspoon (AR Bar No. 78172)
    500 President Clinton Ave., Suite 2000
    Little Rock, AR 72201
    Tel: (501) 371-9999
    Fax: (501) 371-0035
    cspoon@cgwg.com

**THOMPSON COBURN LLP**

By: _/s/ Tabitha G. Davisson_
    Tabitha G. Davisson *(pro hac vice)*
    One US Bank Plaza, Suite 2700
    St. Louis, MO 63101
    Tel: (314) 552-6506
    Fax: (314) 552-7000
    tdavisson@thompsoncoburn.com

***ATTORNEYS FOR DEFENDANT***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| JAMES COVINGTON, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No.: 3:17-cv-145-JLH |
| AMERICAN RAILCAR INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) |

### **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send notification of such filing to the following:

Carolyn B. Witherspoon, Esq.
**CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.**
500 President Clinton Avenue, Suite 2000
Little Rock, AR 72201

Chris Burks
Josh Sanford
**SANFORD LAW FIRM, PLLC**
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, AR 72211

                                          */s/ Tabitha G. Davisson*
                                          Tabitha G. Davisson